JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TIANTIAN GUO,

Plaintiff,

v.

KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*, et al.

Defendants.

Case No.5:25-cv-00485-WLH-SP

**ORDER RE DEFENDANTS' MOTION TO DISMISS [10]**

The Court is in receipt of Defendants' Motion to Dismiss (the "Motion"). (Mot. to Dismiss ("Mot."), Docket No. 10). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 20, 2025, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion, thereby dismissing the case with prejudice.

///

///

///

# I. BACKGROUND

## A. Factual Background

Plaintiff Tiantian Guo[1] ("Plaintiff") brings this action against Defendants Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Jennifer B. Higgins, in her official capacity as Acting Director of the United States Citizenship and Immigration Services ("USCIS"); Ted H. Kim, in his official capacity as Associate Director of Refugee, Asylum and International Operations Directorate; and David M. Radel, in his official capacity as Director of the Los Angeles Asylum Office (collectively, "Defendants"). (Compl., Docket No. 1). Plaintiff alleges that they filed their asylum application – case number ZLA2146578720 – in January 2021 and have been waiting for four years to be scheduled for an interview. (*Id.* at 5). They contend that Defendants "in their official capacities, are responsible for the adjudication" of their asylum application, which they allege has been "unreasonably" delayed in violation of "a statutory duty owed to the Plaintiff." (*Id.*). Plaintiff requests that the Court issue "an order compelling the Defendants to schedule an interview for the Plaintiff within 30 days from the date of this Order[.]" (*Id.*).

## B. Procedural Background

Plaintiff filed the Complaint on February 20, 2025. (*See Id.*). On April 28, 2025, Defendants filed a notice of related case[2] (Notice of Related Cases, Docket No. 8), such that this case was transferred to the Undersigned Judge. (Order re Transfer, Docket No. 11). On May 5, 2025, Defendants filed the Motion presently before the Court. The Motion is unopposed.[3]

---

[1] The Court utilizes they/them for Plaintiff, as the pronouns vary across the pleadings in the present matter, the pleadings in the earlier-filed case and the Motion.

[2] The related case in question is styled *Tiantian Guo v. Alejandro Mayorkas, et al.*, case number 5:25-cv-00485-WLH-SP ("*Guo I*"). In *Guo I*, the Court dismissed for lack of subject matter jurisdiction. (Order re Mot. to Dismiss, Docket No. 13 at 5).

[3] Pursuant to Local Rule 7-12, failure to oppose a motion to dismiss may be deemed consent to that motion. L.R. 7-12; *see also Doe v. Neverson*, No. 2:23-cv-04275-SVW-SK, 2024 WL 1829614, at *1 (C.D. Cal. Jan. 25, 2024) (applying Local Rule 7-12 and concluding that the plaintiff consented to dismissal).

## II. DISCUSSION

Before the Court is Defendants' Motion. For the reasons explained herein, the Court **GRANTS** the Motion, thereby dismissing the action in its entirety with prejudice.

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The reviewing court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002).

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). The party seeking to invoke federal jurisdiction – here, Plaintiff – must affirmatively allege facts that show by a preponderance of the evidence that the court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). A district court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

### B. Analysis

Defendants move to dismiss Plaintiff's Complaint, arguing that Plaintiff is precluded "from re-litigating the delay in adjudicating Plaintiff's asylum application." (Mot. at 2). Though the Court disagrees that the doctrine of res judicata bars the suit, it concludes it lacks subject matter jurisdiction over the suit. Thus, for the reasons

explained below, the Court **GRANTS** the Motion and dismisses the case in its entirety with prejudice.

*1. The Suit Is Not Barred by Res Judicata*

"The doctrines of res judicata and collateral estoppel operate to preclude relitigation of claims or issues in subsequent action between the same parties or those in privity with them." *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 781 F.2d 1411, 1417 (9th Cir. 1986). "Under the doctrine of res judicata, a judgment on the merits in prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.5 (1979). "Under California law, the elements of res judicata are '(1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.'" *Cochoit v. Schiff Nutrition Int'l, Inc.*, 227 F.Supp.3d 1119, 1122 (C.D. Cal. 2017) (quoting *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 797 (2010)).

Beginning with the first element, courts consider "whether the two causes of action are identical 'by analyzing the primary right at stake.'" *Cochoit*, 227 F.Supp.3d at 1122. Where "'two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" *Id.* (quoting *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal.App.4th 1161, 1170 (2003).

Here, the Court finds that the same primary right is at stake. In *Guo I*,[4] Plaintiff sought an order compelling Defendants to adjudicate their asylum application – case number ZLA2146578720 – contending that required agency action was being

[4] All references to *Guo I* related to the underlying docket in that matter.

"unlawfully or unreasonably withheld or delayed." (*Guo I* Compl., Docket No. 1 ¶ 16). Here, in the present matter, Plaintiff seeks an order "compelling Defendants to schedule an interview[,]" so that their asylum application – case number ZLA2146578720 – may be adjudicated, contending that the "unreasonably long processing period" is unlawful. (Compl. at 5). Defendants highlight that "Plaintiff seemingly tries to present a new claim by seeking a more discrete relief[,]" – scheduling an interview – but emphasizes that "the interview is part and parcel of adjudicating the asylum application." (Mot. at 2). The Court agrees. Plaintiff's injury – the delay in adjudicating the asylum application – and Defendants' alleged misconduct – failing to adjudicate the asylum application – are the same in both cases. This suggests that the same primary right is at stake in both cases, such that the claims are "identical" for purposes of res judicata. *Cochoit*, 227 F.Supp.3d at 1122. Accordingly, the Court finds that the first element of res judicata is satisfied. *Id.*

Turning to the second element, Defendants contend that *Guo I* ended in a final judgment on the merits. (Mot. at 2). The Court disagrees. Federal Rule of Civil Procedure Rule 41(b) provides that involuntary dismissals operate as an "adjudication on the merits," with the exception of dismissals for "lack of jurisdiction, for improper venue or for failure to join a party under Rule 19." Fed. R. Civ. P. 41(b). "[A] dismissal for lack of jurisdiction is not a final judgment on the merits," therefore, for purposes of "res judicata and collateral estoppel[.]" *East Bay Law v. Ford Motor Co.*, 697 Fed.Appx. 533, 534 (9th Cir. 2017). As further discussed below, *Guo I* was dismissed for lack of subject matter jurisdiction. (*Guo I* Order re Mot. to Dismiss at 4-5). The Court finds, therefore, that the second element of res judicata is not met.

Having found the second element unsatisfied, the Court need not proceed to analyze the final element. In sum, the Court disagrees with Defendants that the doctrine of res judicata bars the suit.

*2. The Court Lacks Subject Matter Jurisdiction to Enforce the Timing Guidelines of 8 U.S.C. § 1158(d)(5)(A)(ii)*

Though the Court does not agree that the suit is barred by the doctrine of res judicata, it does find that its analysis in *Guo I* remains applicable to the present matter. In *Guo I*, the Court concluded that it lacked subject matter jurisdiction "to enforce the timing guidelines laid out in 8 U.S.C. § 1158(d)(5)(A)(ii)" ("Section 1158") and, accordingly, dismissed the action with prejudice. (*Guo I* Order re Mot. to Dismiss at 4). The Court emphasized that the limited cause of action available under the Administrative Procedure Act (the "APA") "is not available . . . where Congress precluded judicial review by statute" or where an agency has "discretion to conduct the challenged action." (*Id.*); *see* 5 U.S.C. § 701(a)(2) (prohibiting judicial review of "agency action . . . committed to agency discretion by law"). The Court concluded in *Guo I* that Plaintiff's action failed on both fronts. (*Id.*).

Here, Plaintiff explicitly seeks to enforce the timing guidelines laid out Section 1158. (*See* Compl. at 3). The analysis is, accordingly, unchanged from *Guo I*. First, the Court remains in agreement with the other courts in this district that "routinely h[o]ld that asylum applicants lack a private right of action to enforce the timing requirements of § 1158(d)(5)(A)." *Liuqing Zhu v. Cissna*, No. CV 18-9698 PA (JPRx), 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019) (collecting cases); *see also* 8 U.S.C. § 1158(d)(7) ("Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person"). Second, the Court has not changed its conclusion that Section 1158 "vests at least some degree of discretion in the agency to not set a hearing within 45 days," such that it is "not the type of ministerial command that gives rise to a claim" under the APA. *Alei v. Holder*, No. 2:15-cv-08906-ODW (JPRx), 2016 WL 3024103, at *3 (C.D. Cal. May 26, 2016); *see also Chen v. Radel*, No. SACV 16-1480-DOC (DFMx), 2016 WL 1100259, at *3 (C.D. Cal. Nov. 21, 2016).

Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim and must dismiss the suit. Fed. R. Civ. P. 12(b)(1). Because this jurisdictional defect cannot be cured by amendment, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice. *Foman*, 371 U.S. at 182 (1962)

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion – due to a lack of subject matter jurisdiction – and thereby dismisses the action in its entirety with prejudice. The Court, therefore, **ORDERS** the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: June 16, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE